STANKIEWICZ, Respondent, vs. HARTLAND FARMERS' MUTUAL FIRE INSURANCE COMPANY, Appellant.

*April 9—May 12, 1931.*

For the appellant there was a brief by *Winter & Winter* of Shawano, and oral argument by *P. J. Winter.*

For the respondent there was a brief by *Lehner & Lehner* of .Oconto Falls, and oral argument by *Philip Lehner* of Princeton.

FOWLER, J.   The appellant assigns as error the conclusion of the court that the defendant is estopped from claiming the assignment of the policy was not consented to by the company.

The trial court's conclusion was apparently based on *Spohn v. National Fire Ins. Co.* 190 Wis. 446, 209 N. W. 725, which held that the company was estopped to deny that its consent to an assignment of a policy had been given when its agent had been requested to perfect the assignment and had told·the assignee that all the requisites necessary to perfect it had been complied with and he was fully protected.   In that case the agent had authority to act for the company in consenting to the assignment.   Here the agent in fact did not have such authority.   This case is distinguishable in that respect.

However, the plaintiff sent the policy to one who was not only an agent but a director of the company with request to him in effect that the company take such action as was necessary to render the assignment effectual.   The plaintiff lived remote from the home office of the company, if a town mutual company has a home office in view of the fact that it has no regular place of business unless the private residence of the president or secretary or perhaps any one of a half dozen or more others can be considered as such.   The plaintiff was an ignorant man, unable to· read or write, unacquainted with the manner of transacting insurance business and not informed of any special limitations of the authority of the director to whom he sent the policy.   He applied to

the director to have done whatever was necessary to be done by the company to effectuate the insurance on his building and paid him the fee for having this done, himself not knowing what should be done or who should do it, but assuming that his request would be complied with and relied on the assurance given by the director that it had been complied with. Nearly three years of the term of insurance had yet to run. It was plainly the duty of the company upon the plaintiff's application either to consent to the assignment of the policy or return to the plaintiff the unearned premium. Somebody had to act for the company upon the plaintiff's application. We consider that a director of the company had apparent authority so to act. Apparent authority is equivalent to actual authority as far as persons dealing with the company are concerned, and under the rule of the *Spohn Case, supra,* the company is estopped to deny that its consent to the assignment was given.

*By the Court.*—The judgment is affirmed.